**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**CHRISTINA HOLBROOK,**

> **Petitioner,**

**v.**                                                    **Case No. 3:25-cv-00555**

**WAYNE COUNTY SHERIFF'S OFFICE,**

*et al.*,

> **Respondents.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's Rule 12(f) Motion to Strike Insufficient and Immaterial Affirmative Defenses in the Wayne County Respondents' Answer, (ECF No. 16), and Petitioner's Rule 12(c) Motion for Partial Judgment on the Pleadings (No Adverse Interest / Improper Parties) as to the Wayne County Sheriff's Office and Wayne County Land Records Office, (ECF No. 20). The Wayne County Sheriff's Office and Wayne County Land Records Office (collectively, the "Wayne County Respondents") filed responses to both motions. (ECF Nos. 17, 22). The time periods for filing replies have expired.

The matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b). Having reviewed the pleadings and the record, the undersigned respectfully **FINDS** that Petitioner's Rule 12(f) motion should be

1

**GRANTED, IN PART, and DENIED, IN PART**, and that Petitioner's Rule 12(c) motion should be **GRANTED**.

## I.      Facts and Procedural History

This action concerns title to real property located at 2912 Piedmont Road in Huntington, West Virginia. Petitioner, proceeding *pro se*, filed a pleading styled as a "Bill *Quia Timet* to Quiet Title and for Declaratory and Injunctive Relief (*In Rem*)." (ECF No. 1). In substance, Petitioner alleges that one or more recorded instruments or asserted interests improperly cloud title to the property. (*Id.*). She seeks to remove those alleged encumbrances, clarify the parties' rights in the property, and prevent future enforcement of those claims. (*Id.*). Specifically, the complaint asserts claims styled as Bill *Quia Timet* (Equitable Restraint of Future Harm), Quiet Title (Removal of Cloud and Declaration of Superior Claim), Declaratory Relief (Clarification of Rights and Status), Violation of Civil Rights Under 42 U.S.C. § 1983, and Cancellation of Fraudulent Instruments (Equitable Expungement). (*Id.*). Although the action principally concerns property-related claims and equitable remedies, Petitioner also purports to assert a federal civil rights claim under 42 U.S.C. § 1983, which appears to be the basis on which this action was filed in federal court. (*Id.*).

Petitioner names as respondents Chase Bank, the Wayne County Sheriff's Office, the Wayne County Land Records Office, Frederick McCallister, and unknown persons claiming a legal or equitable interest in the property. (ECF No. 1). The Wayne County Sheriff's Office and the Wayne County Land Records Office (collectively the "Wayne County Respondents") later acknowledged that Petitioner seeks "ministerial" relief against them and identified 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), as the basis for that request. (ECF No. 22 at 1-2). The

Wayne County Respondents do not claim any ownership interest, lien, or other adverse interest in the property, but instead appear to be named based on their alleged official roles relating to public records or enforcement. (ECF Nos. 12 at 1, 4-8; 22 at 1).

The Wayne County Respondents filed an answer on October 17, 2025, responding to the allegations in the complaint and asserting affirmative defenses. (ECF No. 12 at 9-11). On November 10, 2025, Petitioner filed a motion to strike some of the affirmative defenses, and the Wayne County Respondents filed a response in opposition. (ECF Nos. 16, 17). On December 30, 2025, Petitioner filed a motion for partial judgment on the pleadings as to the Wayne County Respondents and a memorandum in support, acknowledging that the Wayne County Respondents claim no adverse interest in the subject property and should be dismissed from the action. (ECF Nos. 20, 21). On January 13, 2026, the Wayne County Respondents filed a response stating that they agree they should be dismissed from the action. (ECF No. 22 at 1). Petitioner did not reply to either pending motion, and the time for doing so has expired. Petitioner also filed a notice of voluntary dismissal as to Chase Bank. (ECF No. 19).[1]

## II.    **Subject Matter Jurisdiction**

Before addressing the pending motions, the Court has an independent obligation to ensure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). As noted, Petitioner asserts a claim under 42 U.S.C. § 1983, which supplies the asserted basis for federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1); *see also* (ECF No. 12). Although the gravamen of this action is a dispute concerning title

---

[1] Although Petitioner cited Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the notice of voluntary dismissal as to Chase Bank was effective under Rule 41(a)(1)(A)(i) because Chase Bank had not served an answer or motion for summary judgment. (*Id.*).

to real property, a case is not beyond the jurisdiction of the federal courts merely because it centers on property rights ordinarily governed by state law. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held that a quiet title action could remain in federal court where the claimed right to title necessarily turned on a federal issue. *North Carolina ex rel. Cooper v. TVA/Alcoa Power Generating, Inc.*, 853 F.3d 140, 147-49 (4th Cir. 2017). The Supreme Court has long made clear that federal jurisdiction is not defeated simply because the asserted federal claim may ultimately fail on the merits. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

In the Fourth Circuit, an asserted federal claim defeats jurisdiction only when it is "so insubstantial, implausible, foreclosed by prior decisions [...] or otherwise completely devoid of merit as not to involve a federal controversy." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816-17 (4th Cir. 2004); *see also Lovern v. Edwards*, 190 F.3d 648, 654-55 (4th Cir. 1999). Thus, the jurisdictional inquiry is narrower than the merits inquiry. A weak federal claim may fail under Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure without depriving the Court of subject matter jurisdiction. *Bell*, 327 U.S. at 682; *Dixon*, 369 F.3d at 816-17.

Here, Petitioner's § 1983 claim appears to be premised on the alleged improper recording or enforcement of property interests. While that claim is not well developed and may ultimately fail for lack of state action or for failure to allege the deprivation of a cognizable federal right, the Court cannot conclude at this stage that it is wholly insubstantial or frivolous within the meaning of *Bell*, *Dixon*, and *Lovern*. Accordingly, the undersigned **FINDS** that the Court has subject matter jurisdiction over this action and proceeds to consider the pending motions.

### III.   **Discussion**

#### *A. Rule 12(f) Motion*

Petitioner moves to strike several affirmative defenses asserted by the Wayne County Respondents, arguing that certain defenses are not true affirmative defenses, others are boilerplate reservations, and several are facially unrelated to the claims asserted in this action. (ECF No. 16). Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because striking a portion of a pleading is a drastic remedy. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). The moving party bears the burden of demonstrating that the challenged matter has no possible bearing on the litigation and that permitting it to remain would be prejudicial. *Rogers v. Tarbox*, 668 F. Supp. 3d 478, 482 (S.D. W. Va. 2023). Doubts are resolved in favor of the non-moving party. *Jackson v. United States*, No. 3:14-15086, 2015 WL 5174238, at 1 (S.D. W. Va. Sept. 2, 2015).

Applying the stringent standard governing Rule 12(f), the undersigned concludes that certain challenged defenses should be stricken. The first defense, failure to state a claim, is not properly an affirmative defense. Rather, it is a defense preserved by Rule 12(h)(2). Striking it here would narrow the pleadings without impairing the Wayne County Respondents' ability to raise the issue later in an appropriate manner. *Hinson v. Nw. Fin. S.C., Inc.*, 239 F. Supp. 3d 562, 575 (D.S.C. 2017).

The second and third defenses are broadly stated, but they include matters such as standing, real party in interest, estoppel, unclean hands, and immunity. On the present record, the Court cannot conclude that those matters have no possible relation to the

claims or requested relief. Given the disfavored nature of Rule 12(f) relief, those defenses should remain. *Waste Mgmt. Holdings*, 252 F.3d at 347; *Rogers*, 668 F. Supp. 3d at 482.

The fourth defense, which purports to preserve "each and every defense" under Rules 8, 9, and 12 and reserves the right to raise additional defenses later, is not a true affirmative defense. It identifies no actual defense and functions only as a generic reservation of rights. The ninth defense, reserving the right to supplement affirmative defenses, suffers from the same defect. Amendment and supplementation are governed by the Federal Rules, not by boilerplate reservation clauses in an answer. *Hinson*, 239 F. Supp. 3d at 575.

The fifth, sixth, and seventh defenses are imprecisely pled, but they concern venue, jurisdiction, service, immunity, and the existence of a justiciable controversy. At this stage, the Court cannot say that those defenses are so clearly immaterial or insufficient as to warrant the drastic remedy of striking them. *Jackson*, 2015 WL 5174238, at 1.

The eighth defense includes references to Chapter 17C of the West Virginia Code. The Wayne County Respondents acknowledge that those references were included in error. (ECF No. 17 at 6-7). Those traffic code references have no apparent connection to this quiet title and declaratory relief action. Thus, they should be stricken. The balance of the eighth defense, which generally invokes immunity and statutory protections, should remain.

The tenth defense lists numerous defenses, including contributory negligence, comparative negligence, assumption of risk, learned intermediary, product misuse, superseding intervening cause, act of God, failure to mitigate damages, waiver, estoppel, laches, statute of frauds, lack of privity, failure to exhaust administrative remedies, and unclean hands. (ECF No. 12 at 10-11). Several of those asserted defenses are facially

untethered to the claims in this case. This action concerns title to real property and requests for equitable and declaratory relief, not personal injury, products liability, or similar tort theories. Defenses such as contributory negligence, comparative negligence, assumption of risk, learned intermediary, product misuse, superseding intervening cause, act of God, and failure to mitigate damages have no apparent bearing on the controversy. By contrast, waiver, estoppel, laches, statute of frauds, failure to exhaust administrative remedies, and unclean hands are not so plainly unrelated that they should be removed at this stage.

For these reasons, the undersigned **FINDS** that the first, fourth, and ninth defenses are not proper affirmative defenses; that the references to Chapter 17C of the West Virginia Code contained in the eighth defense are immaterial to the claims asserted in this action; and that the portions of the tenth defense asserting contributory negligence, comparative negligence, assumption of risk, learned intermediary, product misuse, superseding intervening cause, act of God, and failure to mitigate damages are facially unrelated to Petitioner's quiet title, declaratory, and equitable claims. The undersigned further **FINDS** that the second, third, fifth, sixth, and seventh defenses, as well as the remaining portions of the eighth and tenth defenses, are not so clearly insufficient or immaterial as to warrant Rule 12(f) relief at this stage. Accordingly, the undersigned **RECOMMENDS** that Petitioner's Rule 12(f) Motion should be **GRANTED, IN PART, and DENIED, IN PART**, to the extent that the District Judge strike the first, fourth, and ninth defenses, strike the Chapter 17C references in the eighth defense, strike the inapposite portions of the tenth defense identified above, and deny the motion in all other respects.

### B. *Rule 12(c) Motion*

Petitioner seeks partial judgment on the pleadings as to the Wayne County Respondents on the ground that they claim no adverse interest in the subject property and should not remain parties to this action. (ECF No. 20). The Wayne County Respondents expressly agree that they should be dismissed. (ECF No. 22 at 1). A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). The Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences in favor of the non-moving party. Judgment on the pleadings is appropriate when no material issue of fact remains and the moving party is entitled to judgment as a matter of law. *Id.*

The pleadings reflect no claim by the Wayne County Respondents to any ownership interest, lien, title interest, or other adverse claim in the subject property. Their response confirms that they do not oppose dismissal. In an action seeking to adjudicate competing claims to property, entities that assert no adverse interest are not proper adverse parties merely because they may later be called upon to perform ministerial duties related to public records or official acts. Judgment on the pleadings is appropriate where no material issue of fact remains, and the movant is entitled to judgment as a matter of law. *Burbach Broad. Co.*, 278 F.3d at 405-06.

Petitioner's motion also appears to request that the Court reserve authority to direct ministerial implementation of any eventual judgment. The Wayne County Respondents object to that aspect of the motion. (ECF No. 22 at 1-2). On the present record, however, any question concerning the precise scope of prospective ministerial relief is premature. The issue now before the Court is whether these entities should

remain parties to the action. The pleadings establish that they claim no adverse interest in the subject property, so that issue can be resolved without addressing hypothetical future enforcement or implementation questions.

For these reasons, the undersigned **FINDS** that no material issue of fact exists as to whether the Wayne County Respondents claim an adverse interest in the subject property and that they are not proper adverse parties to Petitioner's quiet title and related claims. The undersigned further **FINDS** that any request for prospective ministerial relief is not ripe for decision at this stage. Accordingly, the undersigned **RECOMMENDS** that the District Judge **GRANT** Petitioner's Rule 12(c) Motion and dismiss the Wayne County Sheriff's Office and Wayne County Land Records Office from this action.

## IV.    <u>Proposal and Recommendations</u>

Wherefore, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge:

1. **GRANT, IN PART, and DENY, IN PART** Petitioner's Rule 12(f) Motion to Strike Insufficient and Immaterial Affirmative Defenses in the Wayne County Respondents' Answer, (ECF No. 16), by **STRIKING** the first, fourth, and ninth defenses, the references to Chapter 17C of the West Virginia Code contained in the eighth defense, and the portions of the tenth defense asserting contributory negligence, comparative negligence, assumption of risk, learned intermediary, product misuse, superseding intervening cause, act of God, and failure to mitigate damages, and **DENYING** the motion in all other respects; and

2. **GRANT** Petitioner's Rule 12(c) Motion for Partial Judgment on the Pleadings, (ECF No. 20), and **DISMISS** the Wayne County Sheriff's Office and Wayne County Land Records Office from this action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to 28 U.S.C. § 636(b) and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by Judge Chambers for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and the undersigned.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED:** March 24, 2026



Joseph K. Reeder
United States Magistrate Judge

10